UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ANAS YEHIA DAOU,**

    **Plaintiff,**

**v.**                                                Case No: 8:25-cv-976-MSS-AEP

**KRISTI NOEM** *in her official capacity as Secretary, U.S. Department of Homeland Security*, **and TODD LYONS,** *in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement*,

    **Defendants.**

## ORDER

Before the Court is Plaintiff Anas Yehia Daou's Emergency Motion for Temporary Restraining Order and Motion for Preliminary Injunction. (Dkt. 2) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Plaintiff's Motion.

    **I.**    **BACKGROUND**

Plaintiff Daou ("Plaintiff"), a citizen of Lebanon, came to the United States in January 2020 under an F-1 visa to pursue a doctoral program in Civil Engineering at the University of Texas at Austin. (Dkt. 1 at ¶ 38) Plaintiff graduated from this program in August 2024 (Id.) He now works as a structural engineer participating in the "Option Practical Training" (the "OPT"), which allows non-citizens with F-1 student via status to work in the United States in a field directly related to their area of study.

(Id. at ¶ 2) Plaintiff's OPT was approved on January 1, 2025 and expires on December 31, 2026. (Id.) Plaintiff asserts he has never been convicted of committing a crime of violence and has complied with all rules and regulations governing persons with F-1 visa status. (Id. at ¶ 40)

On March 29, 2025, the University of Texas at Austin informed Plaintiff that his F-1 record in SEVIS was terminated. (Id. at ¶ 7)

On April 17, 2025, Plaintiff filed this lawsuit against Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security ("DHS"), and Todd Lyons, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement ("ICE") (collectively, Defendants), alleging DHS unlawfully terminated his F-1 status in his SEVIS record. (Dkt. 1 at ¶¶ 44–45, 47–51) Plaintiff challenges DHS's termination of his SEVIS record. He does not allege that his F-1 visa has been revoked. (See generally id.)

In Count I, Plaintiff alleges Defendants violated the Due Process Clause of the Fifth Amendment to the United States Constitution by terminating Plaintiff's F-1 status in SEVIS without prior notice, without providing Plaintiff an individualized hearing before an impartial adjudicator, and without an opportunity for Plaintiff to confront and respond to such evidence. (Id. at ¶¶ 42–45) In Count II, Plaintiff alleges Defendants violated the Administrative Procedure Act ("APA") by terminating Plaintiff's SEVIS record without statutory or regulatory authority. (Id. at ¶ 50) Plaintiff also alleges Defendants failed to consider any facts specific to Plaintiff before making their decision to terminate Plaintiff's SEVIS status, thus, Defendants' actions were

2

"arbitrary, capricious, an abuse of discretion, or otherwise not accordance with the law." (Id.) Plaintiff also alleges Defendants violated the APA's procedural due process provision, 5 U.S.C. § 706(2)(B), by terminating Plaintiff's SEVIS records on improper grounds, without prior notice, and without providing Plaintiff an opportunity to respond. (Id. at ¶ 51)

Also on April 17, 2025, Plaintiff filed an emergency motion for a temporary restraining order and a preliminary injunction, seeking an order from this Court:

1. Enjoining Defendants from initiating, beginning, commencing, or pursuing deportation proceedings;

2. Enjoining Defendants from terminating Plaintiff's F-1 student status under the Student Exchange Visitor Information System ("SEVIS");

3. Requiring Defendants to set aside their termination determination; and

4. Scheduling a hearing on the requested preliminary injunctive relief.

The Court held a hearing on Plaintiff's Motion for Temporary Restraining Order on April 18, 2025. Counsel for Plaintiff and Defendants were present and explained their positions to the Court.

## II. LEGAL STANDARD

Temporary restraining orders "serv[e] the [ ] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty., 415 U.S. 423, 439 (1974). To obtain emergency injunctive relief—whether that be a temporary restraining order or

3

preliminary injunction—a plaintiff must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the equities balance in the plaintiff's favor; and (4) that preliminary injunctive relief would serve the public interest. See Winter v. Natural Res. Def Council, Inc., 555 U.S. 7, 20 (2008).

## III.  DISCUSSION

The Court finds Plaintiff satisfies his burden and is entitled to the requested temporary restraining order.

### a. Likelihood of Success on the Merits

Plaintiff argues he is likely to succeed on the merits of his Complaint for two reasons. First, the termination of Plaintiff's SEVIS record violates the Due Process Clause of the United States Constitution. (Dkt. 2 at 6) Second, the termination violates the APA. (Id. at 7–10)

Plaintiff directs this Court to a recent decision out of the United States District Court for the District of New Hampshire, a case presenting facts much like those at issue here. Liu v. Noem, Case No. 25-cv-133-SE (D.N.H. Apr. 10, 2025). In that case, a university student sued Noem and Lyons alleging DHS unlawfully terminated his F-1 student status in the SEVIS system. Id. The plaintiff alleged DHS's action violated his due process rights under the Fifth Amendment to the United States Constitution and violated the APA. Id. After oral argument, the court found the plaintiff was "likely to show that DHS's termination of his F-1 student status was not in compliance with 8

C.F.R. § 214.1(d) and was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." Id. (citing 5 U.S.C. § 706(2)(A)).

The District of New Hampshire's conclusion is persuasive. Section 214.1(d) provides that

> the nonimmigrant status of an alien shall be terminated by the revocation of a waiver authorized on his or her behalf under section 212(d)(3) or (4) of the Act; by the introduction of a private bill to confer permanent resident status on such alien; or, pursuant to notification in the Federal Register, on the basis of national security, diplomatic, or public safety reasons.

8 C.F.R. § 214.1(d). None of these mechanisms have been employed in this case. Section 214.1(d) does not provide statutory or regulatory authority to terminate F-1 student status in SEVIS based upon revocation of a visa. See Fang v. Director U.S. Immigr. & Customs Enf't, 935 F.3d 172, 185 n.100 (3d Cir. 2019). Moreover, Plaintiff's academic and employment record and lack of criminal history fails to support an alternative basis for termination of his F-1 status. At any rate, DHS's decision does not purport to rely upon such a reason.

Based on the foregoing, the Court finds Plaintiff is likely to succeed on the allegation that Defendants' termination of his F-1 status in his SEVIS record is arbitrary and capricious, an abuse of discretion, contrary to his constitutional rights, contrary to law, and in excess of statutory jurisdiction. 5 U.S.C. § 706(2). Because Plaintiff is likely to succeed on his APA cause of action, the issue of due process need not be addressed at this time.

### b. Likelihood of Irreparable Harm

Plaintiff is employed in the United States pursuant to the OPT extension resulting from his studies at the University of Texas at Austin. (Dkt. 1 at ¶ 2) The loss of his F-1 visa status cancels Plaintiff's OPT extension and revokes his authorization to work as an engineer and to pursue his career and practical training in his field of study. (Id. at ¶ 41; Dkt. 2 at 10) Losing F-1 visa status places Plaintiff's education, research, financial stability, and career trajectories at imminent risk of irreparable harm.

Plaintiff also faces the risk of immediate detention or removal from the United States. Defendants were not in a position at the hearing to stipulate that Plaintiff would not be deported or that Plaintiff could continue to work in his current position despite the termination of his F-1 status in SEVIS.

The Court finds, therefore, that Plaintiff has successfully shown that, absent the relief provided by a temporary restraining order, he will suffer irreparable harm for which an award of monetary damages would be insufficient.

### c. Balance of Hardships and Public Interests

With respect to public interest, when the government is a party, the analysis of the balance of the hardships and the public interest merge. Nken v. Holder, 556 U.S. 418, 435 (2009). Neither the Government nor the public has an interest in the violation of law and regulations. The relief requested would restore Plaintiff's ability to remain in the United States until this matter can be more fully considered, and granting temporary relief in this instance would maintain the status quo. Defendants' counsel

offers no evidence that Plaintiff has been convicted of any crime while in the United States. On balance, the equities favor Plaintiff at this stage of the proceedings.

Finally, Defendants offer no claim of harm that would befall them as a result of this temporary restraining order. Therefore, the Court exercises its discretion to waive the bond requirement in Fed. R. Civ. P. 65(c). Baldree v. Cargill, Inc., 758 F. Supp. 704 (M.D. Fla. 1990), aff'd, 925 F.2d 1474 (11th Cir. 1991).

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Emergency Motion for Temporary Restraining Order, (Dkt. 2), is **GRANTED**.

2. Defendants Kristi Noam, in her official capacity as Secretary, U.S. Department of Homeland Security, and Todd Lyons, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement, are temporarily enjoined for a period of fourteen (14) days from the date of this Order as follows:

    a. Defendants shall restore Plaintiff's F-1 student status in the Student and Exchange Visitor Information System ("SEVIS");

    b. Defendants shall set aside the SEVIS record termination determination as to Plaintiff;

    c. Defendants shall not terminate Plaintiff's student status under SEVIS absent a valid ground as set forth in 8 C.F.R. § 214.1(d),

and absent an adequate individualized pre-deprivation proceeding before an impartial adjudicator for Plaintiff;

d. Defendants are prohibited from arresting, detaining, or transferring Plaintiff out of this Court's jurisdiction, or ordering Plaintiff's arrest, detention, or transfer out of this Court's jurisdiction, without first providing adequate notice to both this Court and Plaintiff's counsel, as well as affording him appropriate time to contest any such action;

e. Defendants are prohibited from initiating removal proceedings against or deporting Plaintiff on the basis of the termination of his SEVIS or F-1 student status;

f. Plaintiff shall be permitted to continue his employment as a structural engineer pending the entry of this Court's Order on the forthcoming motion for preliminary injunction; and

g. Defendants are prohibited from taking any kind of reprisal or retaliation against Plaintiff's employer or the University of Texas at Austin during the pendency of the temporary restraining order on grounds that either entity is permitting Plaintiff to continue his employment, as permitted by this Court in this Order.

3. The security required by Federal Rule of Civil Procedure 65(c) is waived.

4. Plaintiff shall file, under seal, identifying information including full name, address, and date of birth, and any other information necessary for Defendants to reinstate his F-1 student status in SEVIS.

5. Plaintiff shall file a motion for preliminary injunction on or before April 23, 2025. Defendants shall file their response on or before April 28, 2025.

6. A hearing on Plaintiff's forthcoming motion for preliminary injunction shall be held before this Court on **May 2, 2025, at 9:30 a.m.**

7. By 5:00 p.m. on April 29, 2025, the parties shall file respective witness and exhibit lists that identify any exhibits they intend to present or offer into evidence at the hearing, and any witnesses they intend to call, along with a brief summary of the witnesses' expected testimony and the expected length of their testimony.

8. Plaintiff must appear at the hearing, but he may, at his discretion, attend the May 2, 2025 hearing via Zoom, or he may appear in person.

**DONE** and **ORDERED** in Tampa, Florida on this 18th day of April 2025.

**Copies to:**
Counsel of record

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE